# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| MARIO LEANOS, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) CAUSE NO. 3:11-CV-96-TLS |
| SUPERINTENDENT, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Mario Leanos, a prisoner who is proceeding pro se in this matter, filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus [ECF No. 1] on March 7, 2011. In his Petition, he challenges the November 22, 2010, finding by the Westville Correctional Facility Disciplinary Hearing Body (DHB) in case number WCC 10-11-0408 that he was guilty of possessing a weapon, which is Indiana Department of Corrections Violation Code Number A-106. The Petitioner argues that there was insufficient evidence to find him guilty of that charge.

In evaluating whether there is adequate evidence to support the findings of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455–-56 (1985); *Webb v. Anderson*, 224 F.3d 649, 650 (7th Cir. 2000). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457.

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*Id.* (quotations marks and citation omitted). Even a conduct report alone can provide evidence sufficient to support the finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Here the Conduct Report states, "[o]n the above date & appx. time I Sgt. Reed entered the room this offender was in. I performed a strip search on him. I then found a homeade [sic] plexiglass weapon laying on the floor." (ECF 1-1 at 2.) The Petitioner argues that it was not his room, that the resident of that room was also there during the strip search, and that he was not seen touching or dropping the weapon. Even accepting those facts as true, his presence in the room with the weapon was some evidence that he possessed it. *See Hill*, 472 U.S. at 456–57 (disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when the victim denied fellow inmates had assaulted him); *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action). Accordingly, there is adequate evidence to support the findings of a prison disciplinary hearing.

Pursuant to Rule 11(a) of the Rules Governing Proceedings in the United States District Courts under Section 2254, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot* [*v. Estelle*, 463 U.S. 880 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

*Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation marks and citation omitted). As explained above, the Petitioner has not made such a showing.

For the foregoing reasons, the Court DISMISSES the Petition [ECF No. 1] pursuant to Rule 4 of the Rules Governing Proceedings in the United States District Courts under Section 2254 and DENIES a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Proceedings in the United States District Courts under Section 2254.

SO ORDERED on April 12, 2011.

/s Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION